UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MCGRATH,<br><br>                Plaintiff,<br><br>v.<br><br>INFORMATION BUILDERS, INC.<br><br>                Defendant. | Docket No. 20-cv-_____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Gregory McGrath, by and through his attorneys, The Dweck Law Firm, LLP, complains of the Defendant and respectfully alleges to this court as follows:

### INTRODUCTION AND NATURE OF ACTION

This is an action for blatant and egregious age discrimination arising out of Plaintiff's former employment with Information Builders, Inc. Plaintiff worked for Information Builders for 33 years, his last position as Marketing Director with a focus on content. Plaintiff has spent almost all of his adult life working for Information Builders. He was a dedicated and loyal employee and always performed well. He always put the company's needs first. After 33 years of service, Information Builders, as part of a systematic pattern and practice of age discrimination, drastically reduced Plaintiff's income, by 39%, then replaced him with a younger less experienced person, then furloughed him, and eventually offered him a modest separation package which was the final push out the door.

Over the last approximately 24 – 36 months Information Builders launched a new "Plan" for the future. The Plan has been carefully executed. The Plan has resulted in an "In with the new,

and young, and out with the OLD" strategy. It began in 2017 when Goldman Sachs became an investor in Information Builders, Inc. with an ownership stake of approximately 18%. Then Frank Vella ("Vella") was brought in as the new Chief Operating Officer. Shortly thereafter Vella was named as the Chief Executive Officer. Under Vella's rule, Information Builders has systematically shed its older staff and replaced them with significantly younger work force. An analysis of the terminations and the new hires supports this allegation. Upon information and belief, the average age of the workers terminated or pushed out during the last 24 months is over 50, while the average age of newly hired employees is under the age of 40.

Plaintiff is the latest victim of this Plan.

Plaintiff, now approaching 62 years old and unemployed brings this action for age discrimination under the New York State Human Rights Law, §296 et. seq. ("NYSHRL") and the New York City Administrative Code (hereinafter "NYCADC").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (a)(1).

2. Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. 1392(a), because the Southern District of New York is the judicial district within the state in which a substantial part of the events forming the basis of this lawsuit are alleged to have been committed.

## PARTIES

3. At all times hereinafter mentioned, Plaintiff was and still is a citizen of the State of New Jersey.

4. Plaintiff is 61 years old and his date of birth is October 3, 1958.

2

5. At all times material herein, Plaintiff was an "employee" entitled to protection within the meaning of the NYSHRL and NYCHRL.

6. Defendant, Information Builders, Inc. (hereinafter "IBI"), is a privately held software company that provides services in the fields of business intelligence, data integration and data quality solutions. IBI is a New York corporation and maintains its headquarters in the City, County and State of New York at 2 Penn Plaza.

7. IBI is an employer within the meaning of the NYSHRL.

8. IBI is an employer within the meaning of the NYCHRL.

## PREREQUISITES

9. Before filing the Complaint in this action, Plaintiff caused a copy of it to be served upon the Corporation Counsel of the City of New York.

10. Before filing the Complaint in this action, Plaintiff also caused a copy of it to be served upon the New York City Commission of Human Rights.

## FACTUAL ALLEGATIONS

11. Plaintiff is 61 years old at the time of the filing of this Complaint.

12. Plaintiff was employed by IBI from 1985 through 1994 and again from 1996 through June 2020.

13. Plaintiff was initially hired by IBI in July 1985 as a Quality Assurance Analyst.

14. Throughout his tenure with IBI Plaintiff held various other positions, including Systems Engineer, Sales Representative, Product Manager, Sales Manager, Product Marketing Director, Sales Director, and his last position was Marketing Director but his charter was - as outlined to him by his superior Terri White - Head of Content.

3

15. In and prior to February of 2020 Plaintiff earned a base salary of $140,000 along with bonus compensation of $90,000. His total compensation package was therefore $230,000 plus other benefits, including health insurance, life insurance, paid time off, and other perquisites.

16. The bonus component of Plaintiff's compensation package was a material portion of his income, and he achieved the full bonus each year for the last 10 years.

17. During Plaintiff's tenure with the IBI, he maintained various positions, was promoted many times and was given raises and bonuses all of which were evidence of his excellent performance.

18. At all times during Plaintiff's employment with IBI, he performed his job duties faithfully, competently and in a satisfactory manner.

19. In February of 2020 Plaintiff was advised that his compensation was being cut and that he would only be receiving his base salary and would no longer receive the $90,000 annual bonus compensation.

20. During the first week of June 2020 Plaintiff was advised that IBI, through its new Chief Marketing Officer, Carol McNerney ("McNerney"), that IBI hired Samantha Patel ("Patel") for a new position of Vice President of Customer and Partner Marketing.

21. Upon information and belief, Patel is age 50 or younger and at the very least, at least 10 years younger than Plaintiff.

22. From the date Patel began at IBI, it became apparent to Plaintiff that she was and would be performing the very same job duties that Plaintiff had been performing as Director and Content Head. Evidence of this is that Patel and Plaintiff engaged in communications wherein Patel asked

4

for Plaintiff's assistance in performing the very same functions as Plaintiff. Being a team player and demonstrating his loyalty to IBI Plaintiff obliged and provided Patel with support and guidance. It should be notes that the correspondence and communication between Patel and Plaintiff was short lived – they barely overlapped.

23. Patel started on Monday June 1, 2020 and did not correspond with the Plaintiff until after he was advised of the furlough on June 4, 2020. Within the same week, and within days of Patel having been hired, Plaintiff was advised by McNerney that he was being furloughed effective from June 8, 2020 through September 8, 2020. Other than broad team meetings the Plaintiff met with McNerney just three times during his tenure under McNerney as department head – the first time was when his salary was reduced, the second time was when he was furloughed, the third time was when he was offered a separation package.

24. Upon information and belief at least 20 other employees of IBI were furloughed at or about the same time as Plaintiff.

25. Upon information and belief, of the approximately 20 other furloughed employees, a disproportionate, and statistically significant number, of furloughed employees were over the age of 60. Upon information and belief, ten were over the age of 60 and six were over the age of 52.

26. Upon information and belief, during the last 24 months IBI has reduced staff by approximately 490 employees. Upon information and belief, in January 2017 IBI had approximately 1333 employees.

27. Upon information and belief, in July 2020 IBI had approximately 842 employees.

28. Upon information and belief at least 250 of the 490 were part of a reduction in force, an extended reduction in force, converted to part-time or were furloughed.

29. Upon information and belief, Plaintiff has identified approximately 181 of these employees. 90 of these employees were targeted as part of layoff in March of 2019. 91 of these employees were targeted as part of a layoff in December 2019.

30. Upon information and belief, the average age for the targeted group in March 2019 was 56.

31. Upon information and belief, the average age for the targeted group in December was 54.7.

32. Upon information and belief, an analysis of the targeted employees with tenure i.e., employees with seven years or greater service to IBI then the average age of the employees targeted is closer to 60.

33. Upon information and belief, despite numerous layoff and furloughs as hereinbefore described, IBI has, in the last 24 months, hired approximately 125 new employees, a disproportionate number were under the age of 40 and an approximate average age for this group as 43.

34. While on furlough, Plaintiff engaged in a discussion with human resources at which time he stated that he felt the company was squeezing him out and asked about what a separation package might look like. On July 1, 2020 human resources provided a proposed separation package for review while simultaneously cutting off his email and access to IBI server, which effectively ended his employment with IBI.

35. Defendant's actions, which include but are not necessarily limited to the following, represent a systematic pattern and practice of age discrimination:

(a) reducing Plaintiff's compensation'

(b) furloughing Plaintiff;

(c) Engaging in a pattern and practice of terminating and/or retiring, and/or pushing out, and/or offering separation packages to older employees, including but not limited to Plaintiff;

(d) Engaging in a pattern and practice of hiring younger employees; and

(d) Engaging in a pattern and practice of reassigning duties from older employees to younger employees.

32. Defendant's discriminatory actions as referenced herein are supported by the facts as alleged hereinbefore.

## COUNT I
## AGE DISCRIMINATION UNDER THE NYSHRL

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered 1 through 35 inclusive with the same force and effect as is fully set forth at length herein.

37. Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age. By reason thereof, Defendant violated the NYSHRL.

38. As a direct and proximate result of the unlawful and discriminatory practices of Defendant as aforedescribed, Plaintiff was humiliated and embarrassed within the work

atmosphere which was brought about by virtue of the systematic and continuous unlawful harassment and multiple discriminatory practices and acts of the Defendant.

39. As a direct and proximate result of the discriminatory practices of the Defendant, Plaintiff has also sustained significant economic damages.

## COUNT II
## AGE DISCRIMINATION UNDER THE NYCHRL

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered 1 through 35 inclusive with the same force and effect as is fully set forth at length herein.

41. Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age. By reason thereof, Defendant violated the NYCHRL.

42. As a direct and proximate result of the unlawful and discriminatory practices of Defendant as aforedescribed, Plaintiff was humiliated and embarrassed within the work atmosphere which was brought about by virtue of the systematic and continuous unlawful harassment and multiple discriminatory practices and acts of the Defendant.

43. As a direct and proximate result of the discriminatory practices of the Defendant, Plaintiff has also sustained significant economic damages.

**WHEREFORE,** Plaintiff demands the following relief:

A. A money judgment against Defendant for his damages including but not limited to lost wages, lost benefits, other economic damages, shame, humiliation, embarrassment, and mental distress;

B. Reinstatement, or, in the alternative, front pay;

C. Punitive damages;

D. An award of attorney's fees;

E. Prejudgment interest and costs; and

F. Such further and additional relief as this court deems just and appropriate under the circumstances.

THE DWECK LAW FIRM LLP


By: *s/HP Sean Dweck*
H.P. Sean Dweck
*Attorneys for Plaintiff*
10 Rockefeller Plaza
Suite 1015
New York, New York 10020
(212) 687-8200
hpsdweck@dwecklaw.com

9